[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S APPLICATION FORPREJUDGMENT REMEDY AND FOR TEMPORARY INJUNCTION
Plaintiffs Agnes Sue Associates, Kevin J. Coady and Bruce S. Kuryla, brought this action on or about April 2, 1993, seeking an order vacating or modifying an arbitration award entered in defendant's favor on March 23, 1993. Defendant filed his application to confirm the award and on November 10, 1993 the court (Curran, J.) issued its Memorandum of Decision confirming the award in its entirety. The plaintiffs have taken an appeal from the confirmation of the award, which appeal is now pending and captioned Agnes-Sue Associates, et al v. Nicholas L. Cerino, A.C. 13038.
Defendant has filed an application for prejudgment remedy and temporary injunction as against the plaintiffs, seeking an order to "secure the sum of $300,000 and that such writ attach:
a. all of plaintiffs' bank accounts;
b. all of plaintiffs' real estate; CT Page 9204
c. all of plaintiffs' accounts receivable;
 d. all of plaintiffs' inventory, general intangibles, equipment, and all proceeds thereof as those terms are defined in the Uniform Commercial Code; and
 e. all other assets which may be disclosed by the plaintiffs in response to Cerino's Motion For Disclosure of Assets."
In addition, defendant seeks to restrain plaintiffs from "transferring, disposing, or concealing of any of their assets or property except in the ordinary course of business, until a full disclosure of assets have been made by them to Cerino and further order of the court."
The arbitrators decision in this case did not contain an award of money damages. It did order various accountings to be made to and between the respective parties.
Defendant is seeking attachments of plaintiffs' assets to secure an amount of damages not delineated in the arbitrator's decision on the supposition that accountings when conducted will show such money due and owing from the plaintiffs. Connecticut General Statutes § 52-278c, as amended by Public Act No. 93-431, effective January 1, 1994, states that any person seeking to secure a prejudgment remedy "shall" attach:
 "An affidavit sworn to by the plaintiff or any competent affiant setting forth a statement of facts sufficient to show that there is probable cause that judgment will be rendered in the matter in favor of the plaintiff."
"This court must find that there is probable cause that a judgmentin at least the amount of the prejudgment remedy sought will be rendered in favor of the plaintiff taking into account any defenses, counterclaims or setoffs." James R. DeVito v. JackRosenblum, CV87 0090149S (Karazin, J., April 4, 1993) (Emphasis added).
Defendant's affidavit states as follows: CT Page 9205
 "I have reason to believe and do believe, based, in part, upon financial records previously provided to my counsel in connection with the arbitration, that, at a minimum, the sum of $300,000 has been unjustly withheld from me by Coady, Kuryla, their agents and servants."
In addition, the affidavit contains averments of a tortious nature as well as claims of breach of contract; however nowhere in the affidavit is there "a statement of facts" which would form a basis for concluding that probable cause exists that the defendant will be entitled to at least the sum of money requested in the application. The court believes the affidavit is defective.
Section 52-278b provides that: "Notwithstanding any provision of the general statutes to the contrary, no prejudgment remedy shall be available to a person in any action at law or equity (1) unless he has complied with the provisions of sections 52-278a to52-278g, inclusive".
Therefore, the defendant's Application For Prejudgment Remedy is denied.
SKOLNICK, J.